IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

MELISSA CARPENTER )
            )
     Plaintiff, )
            )
v. )    1:2026-cv-_____
            )
GENEVA COUNTY BOARD OF EDUCATION; )
BECKY BIRDSONG; )    1:26-cv-475-JTA
            )
     Defendant. )

## COMPLAINT

**COMES NOW,** Plaintiff Melissa Carpenter, by and through undersigned counsel, and for want of prosecution, files this COMPLAINT in the above-styled cause against defendants Geneva County Board of Education and its duly appointed Superintendent Becky Birdsong, pursuant to applicable federal law, more specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* as amended and Title 42 U.S.C. §1981, 1983 as amended, alleging employment discrimination.

## NATURE OF THIS ACTION

1. This is an action seeking redress from unlawful employment practices by the defendant that has resulted in deprivation of rights, secured and guaranteed unto the plaintiff by the laws of the United States of America. The plaintiff seeks judicial relief against the defendants, prospective employer, allegedly for violation of rights secured and protected under federal law, namely Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* as amended and Title 42 U.S.C. Section 1981, 1983 as amended, prohibiting employment discrimination of relative to the making, modification or performance of contracts or the enjoyment of benefits,

## JURISDICTION AND VENUE

2.      Subject Matter Jurisdiction of this court is invoked pursuant to, and in accordance with, the provisions of Title 28 U.S.C. §§ 1331 and 1343 (3), this being an action to redress deprivation of rights secured unto the plaintiffs pursuant to the laws and Constitution of the United States of America, namely Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* as amended.   and Title 42 U.S.C. §1981 1983. as amended. alleging employment discrimination and deprivation of equal protection.  The Court has personal jurisdiction over the parties to this action.

3.      Venue is appropriate pursuant to Title 28 U.S. C. § 1391(b).

## THE PARTIES

4.      The plaintiff avers that she is over the age of nineteen (19) years.  All actions complained of herein by the plaintiff against the defendants occurred in this Judicial District.  At all times material hereto. there existed an employer-employee relationship between the plaintiff and the defendants.

5.      Plaintiff avers that upon information and belief. at all times material hereto. Geneva County Board of Education is a body politic and its duly appointed Superintendent Becky Birdsong are the prospective employers for applicants seeking employment with Geneva County Schools.  Plaintiff avers that at all times material hereto. the defendants and their central office is located at 606 South Academy Street. Geneva. Alabama 36340.

## *PLAINTIFF'S FACTUAL ALLEGATIONS*

Plaintiff incorporates all the allegations contained in paragraphs one (1) through five (5) of this Complaint. and further shows this Honorable Court as follows. to-wit:

6.      At all times material hereto. the defendants operated the Geneva County Schools.

7.      Plaintiff avers that at all times material hereto. she sought employment with the

defendants on or about May 16, 2024. The plaintiff avers that she applied for an assistant principal position and the position of Principal at Geneva County Elementary School. She also sought employment as assistant principal at Samson Elementary School. On or about June 10, 2024 the plaintiff avers that she was interviewed by Defendant Becky Birdsong, Superintendent and Ralph Riley, Assistant Superintendent. On or about June 13, 2024, plaintiff avers that she reached out to Superintendent Birdsong to check on the status of her interview and application. Plaintiff avers that Superintendent Birdsong represented that "we went with someone within the system. We still have an AP spot at Samson Elementary. I can pass on your info along to that principal, if you are interested". Plaintiff avers that she responded in the affirmative and never heard back from Superintendent Birdsong. Upon information and belief, the person hired for Geneva County Elementary assistant principal was an SLP (Speech Language Pathologist) with no administrative experience. Likewise the hirees for the other positions were less qualified than the plaintiff with no administrative experience. Plaintiff avers that she was duly qualified with having experience as special education for eleven (11) years, school counselor for seven (7) years, and school administrator for one and a half (1 ½) years (½-year summer school administrator). She was born and raised in Geneva County; graduated from Geneva County High School. Plaintiff avers that she has previously been employed with Geneva County Schools for five (5) years as a Special Education teacher. Plaintiff avers that she has previously applied for an administrator position and was denied. Plaintiff avers that Geneva County has no African-American administrators. Plaintiff avers that the defendants have engaged in unlawful discriminatory employment practices against her on the basis of race. Specifically, she has applied for employment for administrative positions of Assistant Principal and Principal; she was duly qualified and someone outside her protected class was hired who was less qualified, having no administrative experience. Plaintiff avers that she been subjected to employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, Title 42 USC. Section 22000e though 200e-17 and 42

U.S.C. Sections 1981a and 1983.

8.      Plaintiff avers that she has fulfilled all administrative prerequisites and conditions precedent to the institution of this action, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended by the Civil Rights Act of 1991, as amended.:

a.  On or about November 6, 2024, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.

b.  On or about April 14, 2026, the EEOC issued and sent to Plaintiff a Determination and Notice of Rights (including right to sue) regarding his EEOC charge.

c.  This complaint has been timely filed within ninety (90) days of Plaintiff's receipt of the notification from EEOC of Plaintiff's right to sue on her EEOC charge.

## FEDERAL CLAIMS AND CAUSES OF ACTION

### Employment Discrimination pursuant to Title VII, Civil Rights Act of 1964, *as amended*, and Title 42 U.S.C. Section 1981, *as amended*

Plaintiff incorporates all the allegations contained in paragraphs one (1) through eight (8) of this Complaint, and further shows this Honorable Court as follows, to-wit:

9.      Plaintiff avers that the defendants have discriminated against her having caused her to be subjected to deprivation of rights secured and guaranteed to her by the laws of the United States, namely Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* as amended, and Title 42 U.S.C. §1981a and 1983, as amended, that protects the plaintiff against race-based employment discrimination, including, but not limited to, failure to hire.  Plaintiff further avers that the defendants have violated her rights afforded and secured her by the laws of the United States of America, specifically Title VII of the Civil Rights Act of 1964, as amended, and Title 42 U.S.C.

Section 1981, as amended, prohibiting employment discrimination of relative to the making, modification or performance of contracts or the enjoyment of benefits, terms, conditions and/or privileges, including, failure to hire her as a duly qualified applicant for employment and hiring someone less qualified outside of her protected class. The plaintiff avers that she applied for, was qualified, and interviewed for positions with the defendants. The plaintiff avers that the defendants hired less qualified applicants who are outside of her protected class. Indeed, the defendants proceeded to pass over the plaintiff and hired a white females with no administrative experience. The plaintiff avers that the defendants' action was not for a legitimate non-discriminatory reason but rather, to the contrary, was a pretext for discrimination.

10.    Plaintiff avers that she has been caused to suffer embarrassment, humiliation, mental distress, emotional anguish, economic and non-economic damages as a direct and proximate cause of the defendant's discriminatory and unlawful conduct.

11.    Plaintiff avers that she has incurred attorney fees and litigation costs and expenses, damages, including but not limited to, loss wages, retirement and other employment benefits as a consequence of the defendant's discriminatory and unlawful conduct.

WHEREFORE, PREMISES CONSIDERED, plaintiff demands damages, compensatory, back pay, other employment benefits, reinstatement, attorney fees, costs and any other relief to which plaintiff may show herself to be justly entitled as determined by this court pursuant to applicable law, including, but not limited to, Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* as amended, and Title 42 U.S.C. Sections 1981 and 1983 as amended and 1988.

*Employment Discrimination, Title 42 U.S.C. Section 1983 Claim*

Plaintiff incorporates all the allegations contained in paragraphs one (1) through eleven (11) of this complaint, and further shows this Honorable Court as follows, to-wit:

12.    Plaintiff avers that she has been discriminated against by Defendant Becky Birdsong having been subject to deprivation of rights secured and guaranteed to her by the Constitution and laws of the United States of America, specifically the Equal Protection Clause of the Fourteenth Amendment.  At all times material hereto, said Defendant Birdsong acted under color of state law in violation of the laws and Constitution of the United States that secured and guaranteed to her the equal protection of the law as enforced by Title 42 U.S.C. §§ 1983 that protects against race-based employment discrimination. The plaintiff avers that she applied for, was qualified, and interviewed for positions with the defendants.  The plaintiff avers that the defendant hired less qualified applicants who are outside of her protected class.  Indeed, the defendants proceeded to passed over the plaintiff, an African-American and hired white females with no administrative experience and less qualified for the respective positions.  The plaintiff avers that the defendants' action was not for a legitimate non-discriminatory reason but rather, to the contrary, was a pretext for discrimination whereas Defendant Birdsong represented that the plaintiff interviewed well but that she decided to hire from within the district yet, in actuality, she hired outside the district, as one of the hirees was from Dothan which is not in Geneva County.  Dothan is in Houston County, Alabama.  Indeed, the plaintiff avers that the particular hiree was a Reading Coach with no administrative experience and whom the plaintiff contends was less qualified.

13.    Plaintiff avers that as a proximate cause of the defendant's failure to hire she has

been caused to suffer embarrassment, humiliation, mental distress, emotional anguish, economic and non-economic damages as a direct and proximate cause of the defendants' discriminatory and unlawful conduct. Upon information and belief, plaintiff avers that Defendant Birdsong was the decision maker and recommended the hirees to the Geneva County Board of Education and they simply ratified her recommendation by rubber stamping the same.

14.    Plaintiff avers that she has incurred attorney fees and litigation costs and expenses, damages, including but not limited to, loss wages, retirement and other employment benefits as a consequence of the defendants' discriminatory and unlawful conduct.

WHEREFORE, PREMISES CONSIDERED, plaintiff demands damages, compensatory, back pay, other employment benefits, reinstatement, attorney fees, costs and any other relief to which plaintiff may show herself to be justly entitled as determined by this court pursuant to applicable law, including, but not limited to, Title 42 U.S.C. Section 1983 and 1988.

Respectfully submitted,

/s/ Amardo Wesley Pitters
Amardo Wesley Pitters, Esquire
Attorney for the Plaintiff
Alabama State Bar: 8998-I64A

OF COUNSEL:

*LAW OFFICES OF A. WESLEY PITTERS, P.C.*
1145 South Perry Street (36104)
Post Office Box 1973
Montgomery, Alabama 36102-1973
Telephone: (334) 265-3333
Telecopier: (334) 265-3411
Email: awpitters@pitterslawfirm.com